PER CURIAM.
The Family Law Rules Committee (“the rules committee”) has submitted to this Court its quadrennial report of proposed amendments to the Florida Family Law Rules of Procedure. We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.130(c).
The rules committee proposes changes to Florida Family Law Rules of Procedure 12.140, 12.405, 12.490, 12.560, and 12.610, and Florida Family Law Rules of Procedure Form's 12.910(a), 12.930(b), and 12.930(c). The proposals were submitted to the Board of Governors of The Florida Bar, which recommends approval of all the proposals. The committee’s proposals were published for comment and two comments were filed.
After considering the comments and hearing oral argument, we adopt many of the committee’s proposals. The amendments as adopted are summarized below, but technical changes are not discussed. The changes made to the committee’s proposals are discussed where appropriate.
Rule 12.140 (“Defenses”) currently reads in full that “[djefenses shall be governed by Florida Rule of Civil Procedure 1.140.” The rules committee proposes adding the following language to the end of this rule:
However, a hearing is required for all matters included in rule 12.010(a)(1),[ 1] other than amended or supplementary matters, except when one -of the parties has died and the other party has admitted the marriage is irretrievably broken or filed a counterpetition asserting that the marriage is irretrievably broken.
(Footnote added.) In proposing this amendment, the rules committee seeks in part to comport with section 61.052(2), Florida Statutes (1999), insofar as that statute contemplates court action in dissolution of marriage cases “[biased on the evidence at the hearing.”[2] Significantly, *938 however, as drafted, the proposed amendment extends far beyond the dissolution of marriage context to embrace “all matters included in rule 12.010(a)(1),” which in turn “applies] to all actions concerning family matters, including actions concerning domestic and repeat violence.” We are concerned that, if adopted, the proposed amendment would be misconstrued as requiring hearings in such actions even when perhaps uncalled for or unnecessary. While the committee is apparently concerned about hearings sometimes not being held in dissolution of marriage cases, we reject as too strong its proposed antidote to cure this perceived ill.
The committee through this proposed amendment also seeks in part to comport with this Court’s decision in Fernandez v. Fernandez, 648 So.2d 712 (Fla.1995), which involved the death of a party in a dissolution of marriage proceeding. However, we find the proposed amendment to be at odds with Fernandez, as well as with this Court’s more recent decision in Gaines v. Sayne, 764 So.2d 578 (Fla.2000), which also involved the death of a party in a dissolution of marriage proceeding.
We accordingly reject the rules committee’s proposed amendment to rule 12.140. We similarly reject alternative language that the Family Court Steering Committee proposed “[t]o improve readability and content,” as that proposed alternative language does not solve the larger concerns discussed above.
The rules committee proposes adopting new rule 12.405 (“Record of Ex Parte Proceedings”) to read in full as follows:
When ex parte hearings are authorized by statute or rule, all such hearings and proceedings in family law matters as defined in rule 12.010(a)(1), shall be reported stenographically or recorded electronically. Costs initially shall be borne by the party bringing the matter before the court, subject to later assessment of court costs. If the hearing is reported stenographically, the name, address, and telephone number of the court reporter shall be filed with the court on the date of the hearing. If recorded, the recording shall be filed with the court on the date of the hearing.
Attorney Doris I. Sanders filed a comment expressing several practical concerns about this proposed new rule, and we have some of our own. For example, fiscally *939 speaking, we are reluctant to adopt any rule that might discourage pro se petitioners from seeking needed protection from domestic violence based on their perception that pursuing such relief would be prohibitively costly. Moreover, logistically speaking, we are concerned that this proposed new rule might unreasonably require family law attorneys to always have court reporters accompany them to the courthouse just in case a hearing without notice is called by a judge. We are also somewhat concerned about the use of the term “ex parte” in the proposed new rule,[3] and the fact that the mere existence of such an “ex parte” rule might in and of itself encourage inappropriate ex parte communications between judges and litigants.
We recognize that, as urged by the committee, “[t]he purpose of this [proposed new] rule is to avoid the appearance of impropriety, uphold the integrity of the judicial system by ensuring that these hearings are recorded, and protect the rights of nonattending parties and other participants.” However, we note that these concerns are not at all unique to family law, but rather apply across the board to all sorts of civil and criminal proceedings. We accordingly decline at this time to adopt the rules committee’s proposed new rule 12.405, but invite the committee, along with the Civil Procedure Rules Committee, the Criminal Procedure Rules Committee, the Workers’ Compensation Rules Committee, and any other interested rules committee to collectively consider this very important matter.
In rule 12.490 (“General Masters”), the rules committee proposes no changes to the rule itself, but rather proposes adding new commentary after the rule. We reject this proposed new commentary without discussion.
Rule 12.560 (“Discovery in Aid of Execution”) is amended to explicitly incorporate most of the text of Florida Rule of Civil Procedure 1.560, but with modifications reflecting special considerations in family law cases.
In rule 12.610 (“Injunctions For Domestic And Repeat Violence”), subdivision (c)(1)(A) regarding temporary injunctions is amended to conform to statutory language and to provide that if a verified petition and affidavit are amended, the court shall consider the amendments as if originally filed.
In form 12.910(a) (“Summons: Personal Service on an Individual”), an unnecessary blank line has been omitted.
Forms 12.930(b) and (c) (“Standard Family Law Interrogatories”) are amended to ask that a legal description of real property be provided if the property does not have a street address so that the property may be identified correctly.
We accordingly approve the committee’s proposals with some modification as discussed above and set forth in the appendix to this opinion. New language is indicated by underscoring; deletions by strike-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective January 1, 2001, at 12:01 a.m. See Fla. R. Jud. Admin. 2.130(c)(5). Our thanks to the rules committee, as well as to the steering committee and attorney Sanders, for their insights and commitment to bettering the Florida Family Law Rules of Procedure.
It is so ordered.
*940 WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.

APPENDIX

RULE 12.560. DISCOVERY IN AID OF EXECUTION
Discovery in-.aid-or-execution shall be governed by Florida Rule-of-AJivi-1 — Pro ce-
(a) In General. In aid of a judgment, decree, or execution the judgment creditor or the successor in interest, when the interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules.
(b) Fact Information Sheet. In addition to any other discovery available to a judgment creditor under this rule, the court, at the request of the judgment creditor, shall order the judgment debtor or debtors to complete Florida Rules of Civil Procedure Form 1.977, including all required attachments, within 45 days of the order or such other reasonable time as determined by the court.
(c) Final Judgment Enforcement Paragraph. In any final judgment which awards money damages, the judge shall include the following enforcement paragraph if requested at the final hearing or a subsequently noticed hearing by the prevailing party or attorney:
“It is further ordered and adjudged that the judgment debtor(s) shall complete under oath Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet), including all required attachments, and serve it on the judgment creditor’s attorney, or the judgment creditor if the judgment creditor is not represented by an attorney, within 45 days from the date of this final judgment, unless the final judgment is satisfied or post-judgment discovery is stayed.
“Jurisdiction of this case is retained to enter further orders that are proper to compel the judgment debtor(s) to complete form 1.977, including all required attachments, and serve it on the judgment creditor’s attorney, or the judgment creditor if the judgment creditor is not represented by an attorney.”
(d) Information Regarding Assets of Judgment Debtor’s Spouse. In any final judgment which awards money damages, if requested by the judgment creditor at a duly noticed hearing, the court shall require all or part of the additional Spouse Related Portion of the fact information sheet to be filled out by the judgment debtor only upon a showing that a proper predicate exists for discovery of separate income and assets of the judgment debt- or’s spouse.
(e) Notice of Compliance. The judgment debtor shall file with the clerk of court a notice of compliance with the order to complete form 1.977, and serve a copy of the notice of compliance on the judgment creditor or the judgment creditor’s attorney.
Committee Notes
2000 Amendment. Subdivisions (b)-(e) were added to the Florida Rules of Civil Procedure and adopted with amendments into the Family Law Rules of Procedure. The amendments to the Civil Rules were patterned after Florida Small Claims Rule 7.221(a) and Form 7.343. Although the judgment creditor is entitled to broad discovery into the judgment debtor’s finances (Fla. R. Civ. P. 1.280(b); Jim Appley’s Tru-Arc, Inc. v. Liquid Extraction Systems, 526 So.2d 177, 179 (Fla. 2d DCA 1988)), in family law cases inquiry into the individual assets of the judgment debtor’s spouse must be precluded until a proper predicate has been shown. Tru-Arc, Inc. 526 So.2d at 179; Rose Printing Co. v. *941 D’Amato, 338 So.2d 212 (Fla. 3d DC A 1976).
RULE 12.610. INJUNCTIONS FOR DOMESTIC AND REPEAT VIOLENCE
(a) Application. This rule shall apply only to temporary and permanent injunctions for protection against domestic violence and temporary and permanent injunctions for protection against repeat violence. All other injunctive relief sought in cases to which the Family Law Rules apply shall be governed by Florida Rule of Civil Procedure 1.610.
(b) Petitions.
(1) Requirements for Use.
(A) Domestic Violence. Any person may file a petition for an injunction for protection against domestic violence if they certify under oath that
(i) the party filing the injunction and the party against whom the injunction is sought are spouses, former spouses, persons related by blood or marriage, persons who are presently residing together as if a family or who have resided together in the past as if a family, or persons who have a child in common regardless of whether they have been married or have resided together at any time;
(ii) the party filing the petition was the victim of, or has reasonable cause to believe he or she is in imminent danger of becoming the victim of an assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death perpetrated by the party against whom the injunction is sought; and
(iii) the specific facts and circumstances upon the basis of which relief is sought are true.
(B) Repeat Violence. Any person may file a petition for an injunction for protection against repeat violence if they certify under oath that
(i) two incidents of violence, defined as any assault, battery, sexual battery, or stalking, one of which must have occurred within 6 months of the filing of the petition, have been committed by the person against whom the injunction is sought against the petitioner or the petitioner’s immediate family member; and
(ii) the specific facts and circumstances upon the basis of which relief is sought are true.
(2) Service of Petitions.
(A) Domestic Violence. Personal service by a law enforcement agency is required. The clerk of the court shall furnish a copy of the petition for an injunction for protection against domestic violence, financial affidavit (if support is sought), Uniform Child Custody Jurisdiction Act affidavit (if custody is sought), temporary injunction (if one has been entered), and notice of hearing to the appropriate sheriff or law enforcement agency of the county where the respondent resides or can be found for expeditious service of process.
(B) Repeat Violence. Personal service by a law enforcement agency is required. The clerk of the court shall furnish a copy of the petition for an injunction for protection against repeat violence, temporary injunction (if one has been entered), and notice of hearing to the appropriate sheriff or law enforcement agency of the county where the respondent resides or can be found for expeditious service of process.
(C) Additional Documents. Service of pleadings in cases of domestic or repeat violence other than petitions, supplemental petitions, and orders granting *942 injunctions shall be governed by rule 12.080, except that service of a motion to modify or vacate an injunction should be by notice that is reasonably calculated to apprise the nonmoving party of the pen-dency of the proceedings.
(3) Consideration by Court. Upon the filing of a petition, the court shall set a hearing to be held at the earliest possible time. A denial of a petition for an ex parte injunction shall be by written order noting the legal grounds for denial. When the only ground for denial is no appearance of an immediate and present danger of domestic violence, the court shall set a full hearing on the petition for injunction with notice at the earliest possible time. Nothing herein affects a petitioner’s right to promptly amend any petition, or otherwise be heard in person on any petition consistent with these rules.
(4) Forms.
(A) Provision of Forms. The clerk of the court or family or domestic/repeat violence intake personnel shall provide simplified forms, including instructions for completion, for any person whose circumstances meet the requirements of this rule and shall assist the petitioner in obtaining an injunction for protection against domestic or repeat violence as provided by law.
(B) Confidential Filing of Address. A petitioner’s address may be furnished to the court in a confidential filing separate from a petition or other form if, for safety reasons, a petitioner believes that the address should be concealed. The ultimate determination of a need for confidentiality must be made by the court as provided in Florida Rule of Judicial Administration 2.051.
(c) Orders of Injunction.
(1) Consideration by Court.
(A) Temporary Injunction. For the injunction for protection to be issued ex parte, it must appear to the court that an immediate and present danger of domestic or repeat violence exists. In an ex parte hearing for the purpose of obtaining an ex parte temporary injunction, the court may limit the evidence to the verified pleadings or affidavits o-r may receive additional-testimony under oath if-necessary for a determination of whether an-immediate-and-presentthere is an imminent danger that the petitioner will become a victim of domestic or repeat violence-esdste. If the respondent appears at the hearing or has received reasonable notice of the hearing, the court may hold a hearing on the petition. If a verified petition and affidavit are amended, the court shall consider the amendments as if originally filed.
(B) Permanent Injunction. A full evidentiary hearing shall be conducted.
(2) Issuing of Injunction.
(A) Standardized Forms. The temporary and permanent injunction forms approved by the Florida Supreme Court for repeat and domestic violence injunctions shall be the forms used in the issuance of injunctions under chapters 741 and 784, Florida Statutes. Additional standard provisions, not inconsistent with the standardized portions of those forms, may be added to the special provisions section of the temporary and permanent injunction forms, or at the end of each section to which they apply, on the written approval of the chief judge of the circuit, and upon final review and written approval by the Chief Justice. Copies of such additional standard provisions, once approved by the Chief Justice, shall be sent to the chair of the Family Law Rules Committee of The Florida Bar, the chair of the Family Courts Steering Committee, and the chair of The Governor’s Task Force on Domestic and Sexual Violence.
*943 (B) Bond. No bond shall be required by the court for the entry of an injunction for protection against domestic or repeat violence. The clerk of the court shall provide the parties with sufficient certified copies of the order of injunction for service.
(3) Service of Injunctions.
(A) Temporary Injunction. A temporary injunction for protection against domestic or repeat violence must be personally served. When the respondent has been served previously with the temporary injunction and has failed to appear at the initial hearing on the temporary injunction, any subsequent pleadings seeking an extension of time may be served on the respondent by the clerk of the court by certified mail in lieu of personal service by a law enforcement officer. If the temporary injunction was issued after a hearing because the respondent was present at the hearing or had reasonable notice of the hearing, the injunction may be served in the manner provided for a permanent injunction.
(B) Permanent Injunction.
(i) Party Present at Hearing. The parties may acknowledge receipt of the permanent injunction for protection against domestic or repeat violence in writing on the face of the original order. If a party is present at the hearing and that party fails or refuses to acknowledge the receipt of a certified copy of the injunction, the clerk shall cause the order to be served by mailing certified copies of the injunction to the parties who were present at hearing at the last known address of each party. Service by mail is complete upon mailing. When an order is served pursuant to this subdivision, the clerk shall prepare a written certification to be placed in the court file specifying the time, date, and method of service and within 24 hours shall forward a copy of the injunction and the clerk’s affidavit of service to the sheriff with jurisdiction over the residence of the petitioner. This procedure applies to service of orders to modify or vacate injunctions for protection against domestic or repeat violence.
(ii) Party not Present at Hearing. Within 24 hours after the court issues, continues, modifies, or vacates an injunction for protection against domestic or repeat violence, the clerk shall forward a copy of the injunction to the sheriff with jurisdiction over the residence of the petitioner for service.
(4) Duration.
(A) Temporary Injunction. Any temporary injunction shall be effective for a fixed period not to exceed 15 days. A full hearing shall be set for a date no later than the date when the temporary injunction ceases to be effective. The court may grant a continuance of the temporary injunction and of the full hearing for good cause shown by any party, or upon its own motion for good cause, including failure to obtain service.
(B) Permanent Injunction. Any relief granted by an injunction for protection against domestic or repeat violence shall be granted for a fixed period or until further order of court. Such relief may be granted in addition to other civil and criminal remedies. Upon petition of the victim, the court may extend the injunction for successive periods or until further order of court. Broad discretion resides with the court to grant an extension after considering the circumstances. No specific allegations are required.
(5) Enforcement. The court may enforce violations of an injunction for protection against domestic or repeat violence in civil contempt proceedings, which are governed by rule 12.570, or in criminal contempt proceedings, which are governed by *944 Florida Rule of Criminal Procedure 3.840, or, if the violation meets the statutory criteria, it may be prosecuted as a crime under Florida Statutes.
(6) Motion to Modify or Vacate Injunction. The petitioner or respondent may move the court to modify or vacate an injunction at any time. Service of a motion to modify or vacate injunctions shall be governed by subdivision 12.610(b)(2) of this rule. However, for service of a motion to modify to be sufficient if a party is not represented by an attorney, service must be in accord with rule 12.070, or in the alternative, there must be filed in the record proof of receipt of this motion by the nonmoving party personally.
(7) Forms. The clerk of the court or family or domestic/repeat violence intake personnel shall provide simplified forms including instructions for completion, for the persons whose circumstances meet the requirements of this rule and shall assist in the preparation of the affidavit in support of the violation of an order of injunction for protection against domestic or repeat violence.
Commentary
1995 Adoption. A cause of action for an injunction for protection against domestic violence and repeat violence has been created by section 741.30, Florida Statutes (Supp.1994) (modified by chapter 95-195, Laws of Florida), and section 784.046, Florida Statutes (Supp.1994), respectively. This rule implements those provisions and is intended to be consistent with the procedures set out in those provisions except as indicated in this commentary. To the extent a domestic or repeat violence matter becomes criminal or is to be enforced by direct or indirect criminal contempt, the appropriate Florida Rules of Criminal Procedure will apply.
The facts and circumstances to be alleged under subdivision 12.610(b)(1)(A) include those set forth in Florida Supreme Court Approved Family Law Form 12.980(b). An injunction for protection against domestic or repeat violence may be sought whether or not any other cause of action is currently pending between the parties. However, the pendency of any such cause of action must be alleged in the petition. The relief the court may grant in a temporary or permanent injunction against domestic violence is set forth in section 741.30(6).
The facts and circumstances to be alleged under subdivision (b)(1)(B) include those set forth in Florida Supreme Court Approved Family Law Form 12.980(d). The relief the court may grant in a temporary or permanent injunction against repeat violence is set forth in section 784.046(7), Florida Statutes.
Subdivision (b)(4) expands sections 741.30(2)(e)l and (2)(c)2, Florida Statutes, to provide that the responsibility to assist the petitioner may be assigned not only to the clerk of court but also to the appropriate intake unit of the court. Florida Supreme Court Approved Family Law Form 12.980(b) provides the form for a petition for injunction against domestic violence. If the custody of a child is at issue, a Uniform Child Custody Jurisdiction Act affidavit must be provided and completed in conformity with Florida Supreme Court Approved Family Law Form 12.902(d). If alimony or child support is sought a Financial Affidavit must be provided and completed in conformity with Florida Family Law Rules of Procedure Form 12.902(b) or 12.902(c).
Subdivision (c)(1)(A) expands chapter 95-195, Laws of Florida, and section 784.046(6)(a), Florida Statutes, to make the limitation of evidence presented at an ex parte hearing permissive rather than man *945 datory given the due process concerns raised by the statutory restrictions on the taking of evidence.
Unlike traditional injunctions, under subdivision (c)(2), no bond will be required for the issuance of injunctions for protection against domestic or repeat violence. This provision is consistent with the statutes except that, unlike the statutes, it does not set a precise number of copies to be provided for service.
Subdivision (c)(3)(A) makes the procedure for service of a temporary order of injunction for protection against domestic violence and repeat violence consistent. This is intended to replace the differing requirements contained in sections 741.30(7)(b)3 and (7)(e)l and 784.046(8)(a)l, Florida Statutes.
Subdivision (c)(3)(B) makes the procedure for service of a permanent order of injunction for protection against domestic violence and repeat violence consistent. This is intended to replace the differing requirements contained in sections 741.30(7)(a)3 and (7)(c)l and 784.046(8)(c)l, Florida Statutes, and to specifically clarify that service of the permanent injunction by mail is only effective upon a party who is present at the hearing which resulted in the issuance of the injunction.
Subdivision (c)(4)(A) restates sections 741.30(5)(c) and 784.046(6)(c), Florida Statutes, with some expansion. This subdivision allows the court upon its own motion to extend the protection of the temporary injunction for protection against domestic or repeat violence for good cause shown, which shall include, but not be limited to, failure to obtain service. This subdivision also makes the procedures in cases of domestic and repeat violence identical, resolving the inconsistencies in the statutes.
Subdivision (c)(4)(B) makes the procedures in cases of domestic and repeat violence identical, resolving inconsistencies in the statutes. As stated in section 741.30(l)(c), Florida Statutes, in the event a subsequent cause of action is filed under chapter 61, Florida Statutes, any orders entered therein shall take precedence over any inconsistent provisions of an injunction for protection against domestic violence which addresses matters governed by chapter 61, Florida Statutes.
Subdivision (c)(5) implements a number of statutes governing enforcement of injunctions against domestic or repeat violence. It is intended by these rules that procedures in cases of domestic and repeat violence be identical to resolve inconsistencies in the statutes. As such, the procedures set out in section 741.31(1), Florida Statutes, are to be followed for violations of injunctions for protection of both domestic and repeat violence. Pursuant to that statute, the petitioner may. contact the clerk of the circuit court of the county in which the violation is alleged to have occurred to obtain information regarding enforcement.
Subdivision (c)(7) expands sections 741.30(2)(e)l and (2)(c)2, Florida Statutes, to provide that the responsibility to assist a petitioner may not only be assigned to the clerk of court but also to the appropriate intake unit of the court. This subdivision makes the procedures in cases of domestic and cases of repeat violence identical to resolve inconsistencies in the statutes.
Committee Note
1997 Amendment. This change mandates use of the injunction forms provided with these rules to give law enforcement a standardized form to assist in enforcement of injunctions. In order to address local concerns, circuits may add special provisions not inconsistent with the mandatory portions. *946 INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.910(a), SUMMONS: PERSONAL SERVICE ON AN INDIVIDUAL
When should this form be used?
This form should be used to obtain personal service on the other party when you begin your lawsuit. Service is required for all documents filed in your case. Service means giving a copy of the required papers to the other party using the procedure that the law requires. Generally, there are two ways to make service: (1) personal service, or (2) service by mail or hand delivery. A third method for service is called constructive service; however, the relief a court may grant may be limited in a case where constructive service has been used.
The law requires that certain documents be served by personal service if personal service is possible. Personal service means that a summons (this form) and a copy of the forms you are filing with the court that must be personally served are delivered by a deputy sheriff or private process server
• directly to the other party, or
• to someone over the age of fifteen with whom the other party lives.
Personal service is required for all petitions, including petitions for modification. You cannot serve these papers on the other party yourself or by mail or hand delivery. Personal service must be made by the sheriffs department in the county where the other party lives or works or by a private process server certified in the county where the other party lives or works.
In many counties, there are private process servers who, for a fee, will personally serve the summons and other documents that require personal service. You should look under “process servers” in the yellow pages of the telephone book for a list of private process servers in your area. You may use a private process server to serve any paper required to be personally served in a family law case except a petition for injunction for protection against domestic or repeat violence.
How do I start?
When you begin your lawsuit, you need to complete this form (summons) and a Process Service Memorandum, Florida Supreme Court Approved Family Law Form 12.910(b). The forms should be typed or printed legibly in black ink. Next, you will need to take these forms and, if you have not already done so, file your petition with the clerk of the circuit court in the county where you live. You should keep a copy of the forms for your records. The clerk will sign the summons, and then the summons, a copy of the papers to be served, and the process service memorandum must be delivered to the appropriate sheriffs office or to a private process server for service on the other party.
IF THE OTHER PARTY LIVES IN THE COUNTY WHERE SUIT IS FILED: Ask the clerk in your county about any local procedures regarding service. Generally, if the other party lives in the county in which you are filing suit and you want the sheriffs department to serve the papers, you will file the summons along with a Process Service Memorandum, % □ Florida Supreme Court Approved Family Law Form 12.910(b), with the clerk and the clerk will forward those papers to the sheriff for service. Make sure that you attach a copy of the papers you want personally served to the summons. You may also need to provide the sheriff with a stamped envelope addressed to you. This will allow the sheriff to send the proof of service to you, after the sher *947 iff serves your papers on the other party. However, in some counties the sheriff may send the proof of service directly to the clerk. If you are instructed to supply a self-addressed, stamped envelope and you receive the proof of service, you should file the proof of service with the clerk after you receive it from the sheriff. Also, you will need to find out how much the sheriff charges to serve the papers. Personal checks are not accepted. You should attach to the summons a cashier’s check or money order made payable to the sheriff, and either give it to the clerk for delivery to the sheriff or send all of the paperwork and the fee to the sheriff yourself. The clerk will tell you which procedure to use. The costs for service may be waived if you are indigent.
If you want a private process server to serve the other party, you should still bring the summons to the clerk’s office and have the clerk sign it for you. You should deliver the summons, along with the copy of your initial petition and any other papers to be served, and a Process Service Memorandum, Florida Supreme Court Approved Family Law Form 12.910(b), to the private process server. The private process server will charge you a fee for serving the papers. After service is complete, proof of service by the private process server must be filed with the clerk. You should discuss how this will occur with the private process server.
IF THE OTHER PARTY LIVES IN ANOTHER COUNTY: If the other party lives in another county, service needs to be made by a sheriff in the county where the other party lives or by a private process server certified in the county where the other party lives. Make sure that you attach a copy of the papers you want personally served to the summons as well as the Process Service Memorandum, % □ Florida Supreme Court Approved Family Law Form 12.910(b). If you want the sheriff to serve the papers, the clerk may send your papers to that sheriffs office for you, or you may have to send the papers yourself. The clerk will tell you which procedure to use. Either way, you will need to provide the sheriff with a stamped envelope addressed to you. This will allow the sheriff to send the proof of service to you, after the sheriff serves your papers on the other party. You should file the proof of service with the clerk after you receive it from the sheriff. Also, you will need to find out how much the sheriff charges to serve the papers. Personal checks are not accepted. You should attach to the summons a cashier’s check or money order made payable to the sheriff, and either give it to the clerk for delivery to the sheriff or send all of the paperwork and the fee to the sheriff yourself. The clerk will tell you which procedure to use. The costs for service may be waived if you are indigent.
If you want a private process server to serve the other party, you should still bring the summons to the clerk’s office where the clerk will sign it for you. You should deliver the summons, along with the copy of your initial petition and any other papers to be served, and a Process Service Memorandum, % □ Florida Supreme Court Approved Family Law Form 12.910(b), to the private process server. The private process server will charge you a fee for serving the papers. After service is complete, proof of service by the private process server must be filed with the clerk. You should discuss how this will occur with the private process server.
IF THE OTHER PARTY CANNOT BE LOCATED OR DOES NOT LIVE IN FLORIDA: If, after you have made a diligent effort to locate the other party, you absolutely cannot locate the other party, you may serve the other party by publication. Service by publication is also known *948 as constructive service. You may also be able to use constructive service if the other party does not live in Florida. However, Florida courts have only limited jurisdiction over a party who is served by constructive service and may have only limited jurisdiction over a party living outside of Florida regardless of whether that party is served by constructive or personal service; that is, the judge’s power to order the other party to do certain things may be limited. For example, the judge may be able to grant your request for a divorce, but the judge may not be able to address issues such as child support, spousal support (alimony), or division of property or debts.
Regardless of the type of service used, if the other party once lived in Florida but is living outside of Florida now, you should include in your petition a statement regarding the length of time the party lived in Florida, if any, and when. For example: “Respondent last lived in Florida from {date}_to {date}_”
This area of the law is very complex and you may need to consult with an attorney regarding the proper type of service to be used in your case if the other party does not live in Florida or cannot be located.
What happens when the papers are served on the other party?
The date and hour of service are written on the original summons and on all copies of it by the person making the service. The person who delivers the summons and copies of the petition must file a proof of service with the clerk or provide a proof of service to you for filing with the court. It is your responsibility to make sure the proof of service has been returned to the clerk and placed in your case file.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information regarding service of process, see chapters 48 and 49, Florida Statutes, and rule 1.070, Florida Rules of Civil Procedure, as well as the instructions for Notice of Action for Dissolution of Marriage, %>> □ Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Service and Inquiry, % □ Florida Family Law Rules of Procedure Form 12.913(b).
Special notes ...
If you have been unable to obtain proper service on the other party within 120 days after filing your lawsuit, the court will dismiss your lawsuit against the other party unless you can show the court a good reason why service was not made within 120 days. For this reason, if you had the local sheriff serve the papers, you should check with the clerk every couple of weeks after completing the service papers to see if service has been completed. You may need to supply the sheriff with a new or better address. If you had a private process server or a sheriff in another county serve the papers, you should be in contact with that person or sheriff until you receive proof of service from that person or sheriff. You should then file the proof of service with the clerk immediately.
If the other party fails to respond, i.e., fails to file a written response with the court, within 20 days after the service of the summons, you are entitled to request a default. See the instructions to Motion for Default, ■% □ Florida Supreme Court Approved Family Law Form 12.922 (a), and Default, Florida Supreme Court Approved Family Law Form 12.922(b), for *949 further information. You will need to file a Nonmilitary Affidavit, % □ Florida Supreme Court Approved Family Law Form 12.912(b), before a default may be granted.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, ^ □ Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.910(a). SUMMONS: PERSONAL SERVICE ON AN INDIVIDUAL
IN THE CIRCUIT COURT OF THE _ JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
Case No.:___
Division:_
Petitioner,
and
Respondent.
SUMMONS: PERSONAL SERVICE ON AN INDIVIDUAL ORDEN DE COMPARECENCIA: SERVICIO PERSONAL EN UN INDIVIDUO CITATION: L’ASSIGNATION PERSONAL SUR UN INDIVIDUEL
TO/PARA/A: {enter other party’s full legal name} _, {address(including city and state)/location for service}_
IMPORTANT
A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint/petition with the clerk of this circuit court, located at: {street address}_ A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case.
If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).
If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a copy of your written response to the party serving this summons at:
{Name and address of party serving summons} _
*950 Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court’s office. You may review these documents, upon request.
You must keep the Clerk of the Circuit Court’s office notified of your current address. (You may file Notice of Current Address, ^ □ Florida Supreme Court Approved Family Law Form 12.915.) Future papers in this lawsuit will be mailed to the address on record at the clerk’s office.
WARNING: Rule 12.285, Florida Family Law Rules of Procedure, requires certain automatic disclosure of documents and information. Failure to comply can result in sanctions^ including dismissal or striking of pleadings.
IMPORTANTE
Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Localizado en:_Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, usted puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefónica.
Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.
Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a:
Nombre y dirección de la parte que entrega la orden de comparencencia: _
Copias de todos los documentos judiciales de este caso, incluyendo las ordenes, están disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of the Circuit Court’s office]. Estos documentos pueden ser revisados a su solicitud.
Usted debe de manener informada a la oficina del Secretario de Juzgado del Circuito de su dirección actual. (Usted puede presentar el Formulario: Ley de Familia de la Florida 12.915, □ Florida Supreme Court Approved Family Law Form 12.915], Notificación de la Dirección Actual [Notice of Current Address].) Los pápelos que se presenten en el futuro en esta demanda judicial serán env ados por correo a la dirección que este registrada en la oficina del Secretario.
ADVERTENCIA: Regla 12.285 (Rule 12.285), de las Reglas de Procedimiento de Ley de Familia de la Florida [Florida Family Law Rules of Procedure], requiere cierta revelación automática de documentos e información. El incumplimient, puede resultar en sanciones, incluyendo la desestimación o anulación de los alegatos.
IMPORTANT
Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de [’assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Qui se trouve a: {L’Adresse}_Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse *951 ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.
II y a d’autres obligations juridiques et vous pouvez requerir les services immediats d’un avocat. Si vous ne connaissez pas d’avocat, vous pourriez telephoner a un service de reference d’avoeats ou a un bureau d’assistance juridique (figurant a 1’annuaire de telephones).
Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose cette citation.
Nom et adresse de la partie qui depose cette citation: _
Les photocopies de tous les documents tribunals de cette cause, y compris des arrets, sont disponible au bureau du greffier. Yous pouvez revue ces documents, sur demande.
II faut aviser le greffier de votre adresse actuelle. (Yous pouvez deposer % □ Florida Supreme Court Approved Family Law Form 12.915, Notice of Current Address.) Les documents de l’avenir de ce proces seront envoyer a 1’ adresse que vous donnez au bureau du greffier.
ATTENTION: La regie 12.285 des regles de procedure du droit de la famille de la Floride exige que Ton remette certains renseignements et certains documents 4a la partie adverse. Tout refus de les fournir pourra donner lieu a des sanctions, y compris le rejet ou la. suppression d’un ou de plusieurs actes de procedure.
THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE: You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named person.
DATED: _
CLERK OF THE CIRCUIT COURT
(SEAL)
By: - Deputy Clerk
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.930(b), STANDARD FAMILY LAW INTERROGATORIES FOR ORIGINAL OR ENFORCEMENT PROCEEDINGS
When should this form be used?
This form should be used to ask the other party in your case to answer certain standard questions in writing. These questions are called interrogatories, and they must relate to your case. If the other party fails to answer the questions, you may ask the judge to order the other party to answer the questions. (You cannot ask these questions before the petition has been filed.)
The questions in this form should be used in original proceedings or enforcement proceedings and are meant to supplement the information provided in the Financial Affidavit, ^ □ Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should read all of the questions in this form to determine which questions, if any, the other party needs to answer in order to provide you with information not covered in the financial affidavit forms. If there are questions to which you already *952 know the answer, you may choose not to ask them.
This form should be typed or printed in black ink. You must complete the box at the beginning of this form to indicate which questions you are requesting that the other party answer. You should send 2 copies of this form and the Notice of Service of Standard Family Law Interrogatories, i!& □ Florida Family Law Rules of Procedure Form 12.930(a), to the other party. You should also keep a copy for your records. You do not need to file this form with the clerk of the circuit court. However, you must file the Notice of Service of Standard Family Law Interrogatories, % □ Florida Family Law Rules of Procedure Forms 12.930(a), to tell the court that you have sent this form to the other party.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see the instructions for Notice of Service of Standard Family Law Interrogatories, % □ Florida Family Law Rules of Procedure Form 12.930(a), rules 12.280, 12.285, 12.340, and 12.380, Florida Family Law Rules of Procedure, and rules 1.280, 1.340, and 1.380, Florida Rules of Civil Procedure.
Special notes ...
In addition to the standard questions in this form, you may ask up to 10 additional questions. You should type or print legibly your additional questions on a separate sheet of paper and attach it to this form. If you want to ask more than 10 additional questions, you will need to get permission from the judge.
You may want to inform the other party of the following information: As a general rule, within 30 days after service of interrogatories, the other party must answer the questions in writing and mail (have postmarked) the answers to you. His or her answers shall be written in the blank space provided after each separately numbered interrogatory. If sufficient space is not provided, the answering party may attach additional papers with the answers and refer to them in the space provided in the interrogatories. He or she should be sure to make a copy for him/herself. All answers to these questions are made under oath or affirmation as to their truthfulness. Each question must be answered separately and as completely as the available information permits. The other party may object to a question by writing the legal reason for the objection in the space provided. He or she may also ask the court for a protective order granting him or her permission not to answer certain questions and protecting him or her from annoyance, embarrassment, apprehension, or undue burden or expense. If the other party fails to either answer or object to the questions within 30 days, he or she may be subject to court sanctions.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, □ Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*953 FORM 12.930(b). STANDARD FAMILY LAW INTERROGATORIES FOR ORIGINAL OR ENFORCEMENT PROCEEDINGS
IN THE CIRCUIT COURT OF THE _ JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
Case No.:.
Division:_
Petitioner,
and
Respondent.
STANDARD FAMILY LAW INTERROGATORIES FOR ORIGINAL OR ENFORCEMENT PROCEEDINGS
TO BE COMPLETED BY THE PARTY SERVING THESE INTERROGATORIES
I am requesting that the following standard questions be answered: [/ all that apply]
_1 _2 _3 _4 __5 _6 _7
Background Education Employment Assets Liabilities Miscellaneous Long Form Information Affidavit
In addition, I am requesting that the attached {#} ____questions be answered.
The answers to the following questions are intended to supplement the information provided in the Financial Affidavits, ^ □ Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should answer the group of questions indicated in the above shaded box. The questions should be answered in the blank space provided below each separately numbered question. If sufficient space is not provided, you may attach additional papers with the answers and refer to them in the space provided in the interrogatories. You should be sure to make a copy for yourself. Each question must be answered separately and as completely as the available information permits. All answers are to be made under oath or affirmation as to their truthfulness.
I, {name of person answering interrogatories} _ being sworn, certify that the following information is true:
1. BACKGROUND INFORMATION:
a. State your full legal name and any other name by which you have been known.
b. State your present residence and telephone numbers,
e. State your place and date of birth.
*954 2.EDUCATION:
a. List all business, commercial, and professional licenses that you have obtained.
b. List all of your education including, but not limited to, vocational or specialized training, including the following:
(1) name and address of each educational institution.
(2) dates of attendance.
(3) degrees or certificates obtained or anticipated dates of same.
3.EMPLOYMENT:
a. For each place of your employment or self-employment during the last 3 years, state the following:
(1) name, address, and telephone number of your employer.
(2) dates of employment.
(3) job title and brief description of job duties.
(4) starting and ending salaries.
(5) name of your direct supervisor.
(6) all benefits received, including, for example, health, life, and disability insurance; expense account; use of automobile or automobile expense reimbursement; reimbursement for travel, food, or lodging expenses; payment of dues in any clubs or associations; and pension or profit sharing plans.
b. Other than as an employee, if you have been engaged in or associated with any business, commercial, or professional activity within the last 3 years that was not detailed above, state for each such activity the following:
(1) name, address, and telephone number of each activity.
(2) dates you were connected with such activity.
(3) position title and brief description of activities.
(4) starting and ending compensation.
(5) name of all persons involved in the business, commercial, or professional activity with you.
(6) all benefits and compensation received, including, for example, health, life, and disability insurance; expense account; use of automobile or automobile expense reimbursement; reimbursement for travel, food, or lodging expenses; payment of dues in any clubs or associations; and pension or profit sharing plans.
c.If you have been unemployed at any time during the last 3 years, state the dates of unemployment. If you have not been employed at any time in the last 3 year's, give the information requested above in question 3.a for your last period of employment.
4.ASSETS:
a. Real Estate. State the street address, if any, and if not, the legal description of all real property that you own or owned during the last 3 years. For each property, state the following:
(1) the names and addresses of any other persons or entities holding any interest and them percentage of interest.
(2) the purchase price, the cost of any improvements made since it was purchased, and the amount of any depreciation taken.
(3) the fair market value on the date of your separation from your spouse.
*955 (4)the fair market value on the date of the filing of the petition for dissolution of marriage.
b. Tangible Personal Property. List all items of tangible personal property that are owned by you or in which you have had any interest during the last 3 years including, but not limited to, motor vehicles, tools, furniture, boats, jewelry, art objects or other collections, and collectibles whose fair market value exceeds $100. For each item, state the following:
(1) the percentage and type interest you hold.
(2) the names and addresses of any other persons or entities holding any interest.
(3) the date you acquired your interest.
(4) the purchase price.
(5) the present fair market value.
(6) the fair market value on the date of your separation from your spouse.
(7) the fair market value on- the date of the filing of the petition for dissolution of marriage.
c. Intangible Personal Property. Other than the financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) listed in the answer to interrogatory 4.d below, list all items of intangible personal property that are owned by you or in which you have had any ownership interest (including closed accounts) within the last 3 years, including but not limited to, partnership and business interests (including good will), stocks, stock funds, mutual funds, bonds, bond funds, real estate investment trust, receivables, certificates of deposit, notes, mortgages, and debts owed to you by another entity or person. For each item, state the following:
(1) the percentage and type interest you hold.
(2) the names and addresses of any other persons or entities holding any interest and the names and addresses of the persons and entities who are indebted to you.
(3) the date you acquired your interest.
(4) the purchase price, acquisition cost, or loaned amount.
(5) the fair market value or the amounts you claim are owned by or owed to you:
(a) presently, at the time of answering these interrogatories.
(b) on the date of your separation from your spouse.
(c) on the date of the filing of the petition for dissolution of marriage.
You may comply with this interrogatory (4.c) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years. However, if the date of acquisition, the purchase price and the market valuations are not clearly reflected in the periodic statements which are furnished then these questions must be answered separately. You do not have to resubmit any periodic statements previously furnished under rule 12.285 (Mandatory Disclosure).
d. Financial Accounts. For all financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) listed in your Financial Affidavit, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
(1) name and address of each institution.
(2) name in which the account is or was maintained.
(3) account numbers.
(4) name of each person authorized to make withdrawals from the accounts.
(5) highest balance within each of the preceding 3 years.
*956 (6)lowest balance within each of the preceding 3 years.
You may comply with this interrogatory (4.d) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years. You do not have to resubmit account statements previously furnished pursuant to under rule 12.285 (Mandatory Disclosure).
e. Closed Financial Accounts. For all financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) closed within the last 3 years, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
(1) name and address of each institution.
(2) name in which the account is or was maintained.
(3) account numbers.
(4) name of each person authorized to make withdrawals from the accounts.
(5) date account was closed.
f. Trust. For any interest in an estate, trust, insurance policy, or annuity, state the following:
(1) If you are the beneficiary of any estate, trust, insurance policy, or annuity, give for each one the following:
(a) identification of the estate, trust, insurance policy, or annuity.
(b) the nature, amount, and frequency of any distributions of benefits.
(c) the total value of the beneficiaries’ interest in the benefit.
(d) whether the benefit is vested or contingent.
(2) If you have established any trust or are the trustee of a trust, state the following:
(a) the date the trust was established.
(b) the names and addresses of the trustees.
(c) the names and addresses of the beneficiaries.
(d) the names and addresses of the persons or entities who possess the trust documents.
(e) each asset that is held in each trust, with its fair market value.
g. Canceled Life Insurance Policies. For all policies of life insurance within the preceding 3 years that you no longer hold, own, or have any interest in, state the following:
(1) name of company that issued the policy and policy number.
(2) name, address, and telephone number of agent who issued the policy.
(3) amount of coverage.
(4) name of insured.
(5) name of owner of policy.
(6) name of beneficiaries.
(7) premium amount.
(8) date the policy was surrendered.
(9) amount, if any, of monies distributed to the owner.
h. Name of Accountant, Bookkeeper, or Records Keeper. State the names, addresses, and telephone numbers of your accountant, bookkeeper, and any other persons who possess your financial records, and state which records each possesses.
*957 i. Safe Deposit Boxes, Lock Boxes, Vaults, Etc. For all safe deposit boxes, lock boxes, vaults, or similar types of depositories, state the following:
(1) The names and addresses of all banks, depositories, or other places where, at any time during the period beginning 3 years before the initiation of the action, until the date of your answering this interrogatory, you did any of the following:
(a) had a safe deposit box, lock box, or vault.
(b) were a signatory or co-signatory on a safe deposit box, lock box, or vault.
(c) had access to a safe deposit box, lock box, or vault.
(d) maintained property.
(2) The box or identification numbers and the name and address of each person who has had access to any such depository during the same time period.
(3) All persons who have possession of the keys or combination to the safe deposit box, lock box, or vault.
(4) Any items removed from any safe deposit boxes, lock boxes, vaults, or similar types of depositories by you or your agent during that time, together with the present location and fair market value of each item.
(5) All items in any safe deposit boxes, lock boxes, vaults, or similar types of depositories and fair market value of each item.
5. LIABILITIES:
a. Loans, Liabilities, Debts, and Other Obligations. For all loans, liabilities, debts, and other obligations (other than credit cards and charge accounts) listed in your Financial Affidavit, indicate for each the following:
(1) name and address of the creditor.
(2) name in which the obligation is or was incurred.
(3) loan or account number, if any.
(4) nature of the security, if any.
(5) payment schedule.
(6) present balance and current status of your payments.
(7) total amount of arrearage, if any.
(8) balance on the date of your separation from your spouse.
(9) balance on the date of the filing of the petition for dissolution of marriage.
You may comply with this interrogatory (5.a) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).
b. Credit Cards and Charge Accounts. For all financial accounts (credit cards, charge accounts, or other such accounts) listed in your Financial Affidavit, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
(1) name and address of the creditor.
(2) _name in which the account is or was maintained.
(3) names of each person authorized to sign on the accounts.
(4) account numbers.
(5) present balance and current status of your payments.
(6) total amount of arrearage, if any.
(7) balance on the date of your separation from your spouse.
(8) balance on the date of the filing of the petition for dissolution of marriage.
(9) highest and lowest balance within each of the preceding 3 years.
*958 You may comply with this interrogatory (5.b) by providing copies of all periodic (monthly quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).
c. Closed Credit Cards and Charge Accounts. For all financial accounts (credit cards, charge accounts, or other such accounts) closed with no remaining balance, within the last 3 years, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
(1) name and address of each creditor.
(2) name in which the account is or was maintained.
(3) account numbers.
(4) names of each person authorized to sign on the accounts.
(5) date the balance was paid off.
(6) amount of final balance paid off.
You may comply with this interrogatory (5.c) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).
6. MISCELLANEOUS:
a. If you are claiming a special equity in any assets, list the asset, the amount claimed as special equity, and all facts upon which you rely in your claim.
b. If you are claiming an asset or liability is nonmarital, list the asset or liability and all facts upon which you rely in your claim.
c. If the mental or physical condition of a spouse or child is an issue, identify the person and state the name and address of all health care providers involved in the treatment of that person for said mental or physical condition.
d. If custody of minor children is an issue, state why, and the facts that support your contention that you should be the primary residential parent or have sole parental responsibility of the child(ren).
7. LONG FORM AFFIDAVIT: If you filed the short form affidavit, Florida Family Law Rules of Procedure Form 12.902(b), and you were specifically requested in the Notice of Service of Standard Family Law Interrogatories to file the Long Form Affidavit, Forml2.902(c), you must do so within the time to serve the answers to these interrogatories.
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date}_
Other party or his/her attorney:
Name: _ ' ,
Address: _
City, State, Zip: _
Fax Number: _
I understand that I am swearing or affirming under oath to the truthfulness of the answers to these interrogatories and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
*959 Dated:
Signature of Party
Printed Name: _
Address:_
City, State, Zip: _
Telephone Number: _
Pax Number: _
STATE OF FLORIDA COUNTY OF_
Sworn to or affirmed and signed before me on_by
NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or clerk.]
_Personally known
_Produced identification
Type of identification produced_
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: D& fill in all blanks]
I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} _, {city} _, {state}_, {phone} _, who is the [/ one only]_petitioner or__ helped {name}_, _ respondent, fill out this form.
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.930(c), STANDARD FAMILY LAW INTERROGATORIES FOR MODIFICATION PROCEEDINGS
When should this form be used?
This form should be used to ask the other party in your case to answer certain standard questions in writing. These questions are called interrogatories, and they must relate to your case. If the other party fails to answer the questions, you may ask the judge to order the other party to answer the questions. (You cannot ask these questions before the petition has been filed.)
The questions in this form should be used in modification proceedings and are meant to supplement the information provided in the Financial Affidavits, □ Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should read all of the questions in this form to determine which questions, if any, the other party needs to answer in order to provide you with information not covered in the financial affidavit forms. If there are questions to which you already know the answer, you may choose not to ask them.
This form should be typed or printed in black ink. You must complete the box at the beginning of this form to indicate which questions you are requesting that the other party answer. You should send two copies of this form and the Notice of Service of Standard Family Law Interrogatories, % □ Florida Family Law *960 Rules of Procedure Form 12.930(a), to the other party. You should also keep a copy for your records. You do not need to file this form with the clerk of the circuit court. However, you must file the Notice of Service of Standard Family Law Interrogatories, % □ Florida Family Law Rules of Procedure Form 12.930(a), to tell the court that you have sent this form to the other party.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see the instructions for Notice of Service of Standard Family Law Interrogatories, % □ Florida Family Law Rules of Procedure Form 12.930(a), rules 12.280, 12.285, 12.340, and 12.380, Florida Family Law Rules of Procedure and rules 1.280, 1.340, and 1.380, Florida Rules of Civil Procedure.
Special notes ...
In addition to the standard questions in this form, you may ask up to 10 additional questions. You should type or print your additional questions on a separate sheet of paper and attach it to this form. If you want to ask more than 10 additional questions, you will need to get permission from the judge.
You may want to inform the other party of the following information: As a general rule, within 30 days after service of interrogatories, the other party must answer the questions in writing and mail (have postmarked) the answers to you. His or her answers shall be written in the blank space provided after each separately numbered interrogatory. If sufficient space is not provided, the answering party may attach additional papers with the answers and refer to them in the space provided in the interrogatories. He or she should be sure to make a copy for him/herself. All answers to these questions are made under oath or affirmation as to their truthfulness. Each question must be answered separately and as completely as the available information permits. The other party may object to a question by writing the legal reason for the objection in the space provided. He or she may also ask the court for a protective order granting him or her permission not to answer certain questions and protecting him or her from annoyance, embarrassment, apprehension, or undue burden or expense. If the other party fails to either answer or object to the questions within 30 days, he or she may be subject to court sanctions.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, % □ Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
FORM 12.930(c). STANDARD FAMILY LAW INTERROGATORIES FOR MODIFICATION PROCEEDINGS
IN THE CIRCUIT COURT OF THE _ JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
*961 Case No.:.
Division:—
Petitioner,
and
Respondent.
STANDARD FAMILY LAW INTERROGATORIES FOR MODIFICATION PROCEEDINGS
TO BE COMPLETED BY THE PARTY SERVING THESE INTERROGATORIES
I am requesting that the following standard questions be answered: [/ all that apply]
_1 _2 _3 _4 _5 _6 _7
Background Education Employment Assets Liabilities Miscellaneous Long Form Information Affidavit
In addition, I am requesting that the attached {#}questions be answered.
The answers to the following questions are intended to supplement the information provided in the Financial Affidavits, ^ □ Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should answer the group of questions indicated in the above shaded box. The questions should be answered in the blank space provided below each separately numbered question. If sufficient space is not provided, you may attach additional papers with the answers and refer to them in the space provided in the interrogatories. You should be sure to make a copy for yourself. Each question must be answered separately and as completely as the available information permits. All answers are to be made under oath or affirmation as to their truthfulness.
I,{name of person answering interrogatories} _, being sworn, certify that the following information is true:
1. BACKGROUND INFORMATION:
a. State your full legal name and any other name by which you have been known.
b. State your present residence and telephone numbers.
c. State your place and date of birth.
2.EDUCATION:
a. List all business, commercial, and professional licenses that you have obtained since the entry of the Final Judgment sought to be modified.
b. List all of your education since the entry of the Final Judgment sought to be modified including, but not limited to, vocational or specialized training, including the following:
(1) name and address of each educational institution.
(2) dates of attendance.
(3) degrees or certificates obtained or anticipated dates of same.
3.EMPLOYMENT:
*962 a.For each place of your employment or self-employment since the entry of the Final Judgment sought to be modified, state the following:
(1) name, address, and telephone number of your employer.
(2) dates of employment.
(3) job title and brief description of job duties.
(4) starting and ending salaries.
(5) name of your direct supervisor.
(6) all benefits received, including, for example, health, life, and disability insurance; expense account; use of automobile or automobile expense reimbursement; reimbursement for travel, food, or lodging expenses; payment of dues in any clubs or associations; and pension or profit sharing plans.
b.Other than as an employee, if you have been engaged in or associated with any business, commercial, or professional activity since the entry of the Final Judgment sought to be modified that was not detailed above, state for each such activity the following:
(1) name, address, and telephone number of each activity.
(2) dates you were connected with such activity.
(3) position title and brief description of activities.
(4) starting and ending compensation.
(5) name of all persons involved in the business, commercial, or professional activity with you.
(6) all benefits and compensation received, including, for example, health, life, and disability insurance; expense account; use of automobile or automobile expense reimbursement; reimbursement for travel, food, or lodging expenses; payment of dues in any clubs or associations; and pension or profit sharing plans.
c.If you have been unemployed at any time since the entry of the Final Judgment sought to be modified, state the dates of unemployment. If you have not been employed at any time since the entry of the Final Judgment sought to be modified, give the information requested above in question 3.a for your last period of employment.
4. ASSETS:
a. Real Estate. State the street address, if any, and if not, the legal description of all real property that you own or owned during the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. For each property, state the following:
(1) the names and addresses of any othér persons or entities holding any interest and their percentage of interest.
(2) the present fair market value.
b. Tangible Personal Property. List all items of tangible personal property that are owned by you or in which you have had any interest during the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter, including, but not limited to, motor vehicles, tools, furniture, boats, jewelry, art objects or other collections, and collectibles whose fair market value exceeds $100. For each item, state the following:
(1) the percentage and type interest you hold.
(2) the names and addresses of any other persons or entities holding any interest.
(3) the present fair market value.
*963 c. Intangible Personal Property. Other than the financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) listed in the answer to interrogatory 4.d below, list all items of intangible personal property that are owned by you or in which you have had any ownership interest (including closed accounts) within the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter, including, but not limited to, partnership and business interests (including good will), stocks, stock funds, mutual funds, bonds, bond funds, real estate investment trusts, receivables, certificates of deposit, notes, mortgages, and debts owed to you by another entity or person. For each item, state the following:
(1) the percentage and type interest you hold.
(2) the names and addresses of any other persons or entities holding any interest and the names and addresses of the persons and entities who are indebted to you.
(3) the present fair market value or the amounts you claim are owned by or owed to you, at the time of answering these interrogatories.
You may comply with this interrogatory (4.c) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. However, if the date of acquisition, the purchase price, and the market valuations are not clearly reflected in the periodic statements which are furnished, then these questions must be answered separately. You do not have to resubmit any periodic statements previously furnished under rule 12.285 (Mandatory Disclosure).
d. Financial Accounts. For all financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) listed in your Financial Affidavit, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
(1) name and address of each institution.
(2) name in which the account is or was maintained.
(3) account numbers.
(4) names of each person authorized to make withdrawals from the accounts.
(5) highest balance within each of the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter.
(6) lowest balance within each of the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter.
You may comply with this interrogatory (4.d) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).
e. Closed Financial Accounts. For all financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) closed within the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the:
(1) name and address of each institution.
(2) name in which the account is or was maintained.
(3) account numbers.
(4) name of each person authorized to make withdrawals from the accounts.
(5) date account was closed.
*964 f. Trust. For any interest in an estate, trust, insurance policy, or annuity, state the following:
(1) if you are the beneficiary of any estate, trust, insurance policy, or annuity, give for each one the following:
(a) identification of the estate, trust, insurance policy, or annuity.
(b) the nature, amount, and frequency of any distributions of benefits.
(c) the total value of the beneficiaries’ interest in the benefit.
(d) whether the benefit is vested or contingent.
(2) if you have established any trust or are the trustee of a trust, state the following:
(a) the date the trust was established.
(b) the names and addresses of the trustees.
(c) the names and addresses of the beneficiaries.
(d) the names and addresses of the persons or entities who possess the trust documents.
(e) each asset that is held in each trust, with its fair market value.
g. Name of Accountant, Bookkeeper, or Records Keeper. State the names, addresses, and telephone numbers of your accountant, bookkeeper, and any other persons who possess your financial records, and state which records each possesses.
5. LIABILITIES:
a. Loans, Liabilities, Debts, and Other Obligations. For all loans, liabilities, debts, and other obligations (other than credit cards and charge accounts) listed in your Financial Affidavit, indicate for each the following:
(1) name and address of the creditor.
(2) name in which the obligation is or was incurred.
(3) loan or account number, if any.
(4) nature of the security, if any.
(5) payment schedule.
(6) present balance and current status of your payments.
(7) total amount of arrearage, if any.
You may comply with this interrogatory (5.a) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).
b. Credit Cards and Charge Accounts. For all financial accounts (credit cards, charge accounts, or other such accounts) listed in your Financial Affidavit, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
(1) name and address of the creditor.
(2) name in which the account is or was maintained.
(3) name of each person authorized to sign on the accounts.
(4) account numbers.
(5) present balance and current status of your payments.
(6) total amount of arrearage, if any.
*965 (7) highest and lowest balance within each of the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter.
You may comply with this interrogatory (5.b) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).
e. Closed Credit Cards and Charge Accounts. As to all financial accounts (credit card, charge accounts, or other such accounts) closed with no remaining balance, within the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
(1) name and address of each creditor.
(2) name in which the account is or was maintained.
(3) account numbers.
(4) name of each person authorized to sign on the accounts.
(5) date the balance was paid off.
(6) amount of final balance paid off.
You may comply with this interrogatory (5.c) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).
6. MISCELLANEOUS:
a. If you are claiming a diminished earning capacity since the entry of the Final Judgment sought to be modified as grounds to modify alimony or deviate from the child support established in your case, describe in detail how your earning capacity is lowered and state all facts upon which you rely in your claim. If unemployed, state how, why, and when you lost your job.
b. If you are claiming a change in a mental or physical condition since the entry of the Final Judgment sought to be modified as grounds to modify alimony or change the child support established in your case, describe in detail how your mental and/or physical capacity has changed and state all facts upon which you rely in your claim. Identify the change in your mental and/or physical capacity, and state the name and address of all health care providers involved in the treatment of this mental or physical condition.
c. If you are requesting a change in shared or sole parental responsibility, primary residency, the parenting schedule, or any combination thereof, for the minor child(ren), describe in detail the change in circumstances since the entry of the Final Judgment sought to be modified that you feel justify the requested change. State when the change of circumstances occurred, how the change of circumstances affects the child(ren), and why it is in the best interests of the child(ren) that the Court make the requested change. Attach your parenting schedule.
d. If you do not feel the requested change in shared or sole parental responsibility, primary residency, the parenting schedule, or any combination thereof, for the minor child(ren) is in their best interests, describe in detail any facts since the entry of the Final Judgment sought to be modified that you feel justify the Court denying the requested
*966 change. State, in your opinion, what change, if any, of the parenting arrangement is justified or agreeable to you and why it is in the best interests, of the children).
7. LONG FORM AFFIDAVIT: If you filed the short form affidavit, Florida Family Law Rules of Procedure Form 12.902(b), and you were specifically requested in the Notice of Service of Standard Family Law Interrogatories to file the Long Form Affidavit, Form 12.902(c), you must do so within the time to serve the answers to these interrogatories.
I certify that a copy of this document was [/ one only] ( ) mailed ( ) faxed and mailed ( ) hand delivered to the person(s) listed below on {date}-
Other party or his/her attorney:
Name: _
Address: _
City, State, Zip: _
Fax Number: _
I understand that I am swearing or affirming under oath to the truthfulness of the answers to these interrogatories and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _
Signature of Party
Printed Name: _
Address: _
City, State, Zip: _
Telephone Number:_
Fax Number: _
STATE OF FLORIDA COUNTY OF _
Sworn to or affirmed and signed before me on ___ by
NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or clerk.]
_Personally known
_Produced identification
Type of identification produced__
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [£» fill in all blanks]
I, {full legal name and trade name of nonlawyer} ____, a nonlawyer, located at {street} ___, {city} _____, {state} _, {phone} _, helped {name} _, who is the [/ one only]_petitioner or___ respondent, fill out this form.

. Family Law Rule of Procedure 12.010(a)(1) provides in full:
These rules apply to all actions concerning family matters, including actions concerning domestic and repeat violence, except as otherwise provided by the Family Rules of Juvenile Procedure or the Florida Probate Rules. "Family matters,” "family law matters,” or "family law cases” as used within these rules include, but are not limited to, matters arising from dissolution of marriage, annulment, support unconnected with dissolution of marriage, paternity, child support, custodial care of or access to children (except as otherwise provided by the Florida Rules of Juvenile Procedure), adoption, proceedings for emancipation of a minor, declaratory judgment actions related to premarital, marital or post-marital agreements (except as otherwise provided, when applicable, by the Florida Probate Rules), injunctions for domestic and repeat violence, and all proceedings for modification, enforcement, and civil contempt of these actions.

. Section 61.052(2) regarding dissolution of marriage provides in full:
Based on the evidence at the hearing, which evidence need not be corroborated except to establish that the residence requirements of s. 61.021 are met which may be corroborated by a valid Florida driver's *938 license, a Florida voter's registration card, a valid Florida identification card issued under s 322.051, or the testimony or affidavit of a third party, the court shall dispose of the petition for dissolution of marriage when the petition is based on the allegation that the marriage is irretrievably broken as follows:
(a) If there is no minor child of the marriage and if the responding party does not, by answer to the petition for dissolution, deny that the marriage is irretrievably broken, the court shall enter a judgment of dissolution of the marriage if the court finds that the marriage is irretrievably broken.
(b) When there is a minor child of the marriage, or when the responding party denies by answer to the petition for dissolution that the marriage is irretrievably broken, the court may:
1. Order either or both parties to consult with a marriage counselor, psychologist, psychiatrist, minister, priest, rabbi, or any other person deemed qualified by the court and acceptable to the party or parties ordered to seek consultation; or
2. Continue the proceedings for a reasonable length of time not to exceed 3 months, to enable the parties themselves to effect a reconciliation; or
3. Take such other action as may be in the best interest of the parties and the minor child of the marriage.
If, at any time, the court finds that the marriage is irretrievably broken, the court shall enter a judgment of dissolution of the marriage. If the court finds that the marriage is not irretrievably broken, it shall deny the petition for dissolution of marriage.

. Judge Raymond T. McNeal, Chair of the Family Court Steering Committee, suggested at oral argument that the term "ex parte hearing” in this context might be subject to question, urging instead the term "a hearing without notice.”